UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARCY HARPER, | No. 2:24-cv-2644 CSK P |
| Plaintiff, | |
| v. | ORDER |
| ALEX FARHAT, et al., | |
| Defendants. | |

**I. INTRODUCTION**

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II. SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

### III. PLAINTIFF'S ALLEGATIONS

Named as defendants are Licensed Vocational Nurse ("LVN") Ekinim, Doctor Farhat, Doctor Singh and Correctional Officer Hernandez.  (ECF No. 1 at 2.)  The alleged deprivations occurred at the California Health Care Facility ("CHCF")  (Id.)  Plaintiff alleges that the LVN gave plaintiff an excessive amount of insulin on April 8, 2024, causing injury to plaintiff.  (Id. at 3.)  In referring to the LVN, it appears that plaintiff refers to defendant Ekinim.  Plaintiff also alleges that plaintiff was forced to take the COVID-19 vaccine against plaintiff's will, causing severe injury.  (Id.)  Plaintiff alleges that an I.V. was placed in plaintiff's neck, causing nerve damage. (Id.)  Plaintiff did not agree to the procedure.  (Id.)  Plaintiff alleges that plaintiff's right foot had a blister and it took the doctor too long to notify wound care, causing severe problems.  (Id.)

### IV. LEGAL STANDARDS REGARDING PLAINTIFF'S CLAIMS

#### A. Legal Standard for Eighth Amendment Medical Care Claim

"Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment." Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To prevail on such a claim, a prisoner-plaintiff must show he or she had a "serious medical need" and that the defendants' "response to the need was deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A prison official is deliberately indifferent if the "official knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).  An official is liable if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inference." Id. at 837.  So, for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm.  Simmons v. G. Arnett, 47 F.4th 927, 933 (9th Cir. 2022).  A claim of medical malpractice or negligence does not give rise to a Section 1983 claim.  See Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  Neither does a "difference of opinion between a prisoner-patient and prison medical authorities regarding treatment."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

**B.  Legal Standard re: Linking Defendants to Claims**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

**V. DISCUSSION**

While plaintiff alleges that defendant Ekinim gave plaintiff an excessive dose of insulin on April 8, 2024, plaintiff does not plead sufficient facts demonstrating that defendant Ekinim acted with deliberate indifference.  For example, plaintiff pleads no facts suggesting that defendant Ekinim knowingly gave plaintiff an excessive dose of insulin.  Accordingly, this claim is dismissed with leave to amend.

Plaintiff's remaining claims are dismissed with leave to amend because no defendants are linked to these claims.  Plaintiff does not allege that any named defendant forced plaintiff to take the COVID-19 vaccine or placed the I.V. in plaintiff's neck.  Plaintiff also does not allege that a defendant doctor failed to timely notify wound care about plaintiff's blister.

In addition, plaintiff fails to allege what injuries plaintiff suffered as a result of taking the COVID-19 vaccine.  Plaintiff also fails to allege why plaintiff should not have taken the COVID-19 vaccine.  Plaintiff also does not address why the I.V. was placed in plaintiff's neck.  Plaintiff also does not describe the severe problems he suffered as a result of the doctor's alleged failure to timely report plaintiff's blister to wound care.  Without this information, this Court cannot determine whether plaintiff states potentially colorable Eighth Amendment claims based on these allegations.  Accordingly, if plaintiff files an amended complaint, plaintiff shall address these matters.

**VI. CONCLUSION**

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the Court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: October 8, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Harp2644.14

2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARCY HARPER,<br><br>              Plaintiff,<br><br>      v.<br><br>ALEX FARHAT, et al.,<br><br>              Defendants. | No. 2:24-cv-02644 CSK P<br><br>NOTICE OF AMENDMENT |

    Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐      Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff

1