UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARCY HARPER, | No. 2:24-cv-2644 CSK P |
| Plaintiff, | |
| v. | ORDER |
| ALEX FARHAT, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C § 1983. Pending before the Court is plaintiff's amended complaint. (ECF No. 12.) For the reasons stated herein, plaintiff's amended complaint is dismissed with leave to file a second amended complaint.

## II.   SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

### III.  LEGAL STANDARD FOR EIGHTH AMENDMENT INADEQUATE MEDICAL CARE CLAIM

Plaintiff's amended complaint raises four claims alleging inadequate medical care. "Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment." Estelle v. Gamble, 429 U.S. 97, 104 (1976).

To prevail on such a claim, a prisoner-plaintiff must show he or she had a "serious medical need" and that the defendants' "response to the need was deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A prison official is deliberately indifferent if the "official knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). An official is liable if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. So, for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. Simmons v. G. Arnett, 47 F.4th 927, 933 (9th Cir. 2022). A claim of medical malpractice or negligence does not give rise to a Section 1983 claim. See Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Neither does a "difference of opinion between a prisoner-patient and prison medical authorities regarding treatment." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

**IV.    DISCUSSION**

Federal Rule of Civil Procedure 8(a)(3) requires complaints to include a demand for the relief sought. Plaintiff's amended complaint, which is not filed on a complaint form, does not include a demand for the relief sought. The amended complaint does not state whether plaintiff seeks monetary damages, declaratory relief and/or injunctive relief. For this reason, plaintiff's amended complaint is dismissed.

Although the amended complaint fails to include a demand for relief as required by Rule 8(a)(3), this Court below addresses the four claims raised in the amended complaint.

**A.    Claim One**

Plaintiff alleges that, on or around January 2021, Dr. Farhat failed to treat plaintiff for side effects from the COVID-19 vaccine. (ECF No. 12 at 2.) Plaintiff alleges that the side effects plaintiff suffered from included swelling, being unable to walk and paralysis in his right hand. (Id. at 2-3.) These allegations state a potentially colorable Eighth Amendment claim against Dr.

3

1  Farhat. However, because plaintiff's amended complaint does not include a demand for relief,
2  this Court cannot order service of Dr. Farhat as to this claim.

3        **B.**    **Claim Two**

4      Plaintiff alleges that he was sent to San Joaquin Hospital for a procedure on July 28, 2023.
5  (Id. at 4.) While in the "ER," the nurse did something to plaintiff's left arm, leaving plaintiff's
6  left arm in pain and no longer usable.[1] (Id.) An African American nurse wanted to put an IV in
7  the right side of plaintiff's neck. (Id.) Plaintiff protested and asked the nurse to put the IV in the
8  left side of plaintiff's neck. (Id.) The nurse insisted that the IV be put in the right side of
9  plaintiff's neck. (Id.) The correctional officer transporting plaintiff, Officer Hernandez, then got
10 involved. (Id.) Officer Hernandez told plaintiff to calm down or they would leave. (Id.)
11 Plaintiff let the nurse put the IV in the right side of plaintiff's neck. (Id.) Plaintiff felt a pop and
12 pain. (Id.) When plaintiff returned to the California Health Care Facility ("CHCF"), plaintiff told
13 his doctor about the pop and pain. (Id.) Plaintiff's doctor put a lidocaine patch on plaintiff's
14 shoulder and prescribed "T-3." (Id.)

15     In order to state a claim under Section 1983, a plaintiff must allege that: (1) defendant was
16 acting under color of state law at the time the complained of act was committed; and
17 (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the
18 Constitution or laws of the United States. See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48
19 (1988).

20     A private hospital or private doctor acts under color of state law when they provide
21 medical services to a prisoner pursuant to a contract with the state or county. See West v. Atkins,
22 487 U.S. 42, 54-55 (1988) (a private physician acted under color of state law when he provided
23 medical services to a state prisoner pursuant to a professional contract with the state); Deloney v.
24 County of Fresno, 2018 WL 1693383, at *6 (E.D. Cal. Apr. 6, 2018) (a private entity that
25 contracts with the government to provide medical and mental health care may be considered a
26 state actor whose conduct constitutes state action under Section 1983); George v. Sonoma County

---

[1] In the amended complaint, plaintiff appears to describe the procedure done to plaintiff's left arm. However, this Court cannot understand plaintiff's handwriting describing this procedure.

4

Sheriff's Dept., 732 F. Supp. 2d 922, 935-36 (N.D. Cal. 2010) (finding that defendants Sutter Health and Sutter Medical Center were state actors for purposes of Section 1983 based on their contract with Sonoma County).

In claim two, plaintiff appears to name as defendants the nurse who did something to plaintiff's left arm and the nurse who put the IV in the right side of plaintiff's neck. Plaintiff does not state a potentially colorable Eighth Amendment claim against the defendant nurses because plaintiff fails to demonstrate that the defendant nurses acted under color of state law. Plaintiff appears to allege that the defendant nurses were employed at San Joaquin Hospital, which appears to be a private hospital. Plaintiff does not allege that the defendant nurses provided medical care to plaintiff based on a contractual relationship between San Joaquin Hospital and CHCF. For these reasons, this Court cannot determine whether the defendant nurses were state actors at the time of the alleged deprivations.

Plaintiff is also informed that it is well-settled that physicians, nurses, and hospitals are not state actors merely because they provide emergency medical care to an inmate. See Stratton v. Buck, 498 Fed. App'x 674, 676 (9th Cir. 2012) (private physician who provided emergency care to an inmate not a state actor, in part because she had no choice whether to treat him, and noting that "there is no Ninth Circuit case law holding that emergency medical care is a traditionally and exclusively governmental function"); Clewis v. California Prison Health Care Servs., 2013 WL 2482521, at *6 (E.D. Cal. June 10, 2013) (private hospital not a state actor where it provided emergency care to an inmate). If defendant nurses provided plaintiff with emergency medical care, it is unlikely that they were state actors. Plaintiff shall clarify this matter in the second amended complaint.

In addition, this Court finds that plaintiff does not plead sufficient facts to state potentially colorable Eighth Amendment claims against the defendant nurses. While plaintiff alleges that the defendant nurse performed a procedure on plaintiff's left arm that left plaintiff's left arm in pain and no longer usable, plaintiff does not describe the procedure. Without additional information regarding what the defendant nurse did to plaintiff that led to the injuries to plaintiff's left arm, this Court cannot determine whether plaintiff states a potentially colorable Eighth Amendment

5

claim. While plaintiff alleges that the other defendant nurse put the IV in the right side of plaintiff's neck against plaintiff's wishes, plaintiff does not allege why the defendant nurse should not have placed the IV in the right side of plaintiff's neck. Without additional information regarding why the defendant nurse should not have placed the IV in the right side of plaintiff's neck, and whether plaintiff specifically communicated this information to the defendant nurse, this Court cannot determine whether plaintiff states a potentially colorable Eighth Amendment claim.

Assuming that plaintiff could state potentially colorable Eighth Amendment claims against the defendant nurses, plaintiff has not plead sufficient identifying information for service of the defendant nurses. Without additional information identifying these defendant nurses, such as their names, it is unlikely that the defendant nurses can be served with process.

Finally, plaintiff's claims against the defendant nurses appear unrelated to the claims raised in claims one, three and four alleging inadequate medical care at CHCF. Under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated claims against different defendants. Simply put, plaintiff cannot join claims against defendant B that have nothing to do with those brought against defendant A. If plaintiff's second amended complaint raises claims against the defendant nurses employed at San Joaquin Hospital, this Court will likely find these claims improperly joined under Rule 20 and order that these claims proceed in a separate action.

**C.     Claim Three**

Plaintiff alleges that in August, plaintiff had a tiny blister on plaintiff's right foot. (ECF No. 12 at 5.) Plaintiff brought the blister to the attention of Nurse Mrs. B. (Id. at 5.) Plaintiff alleges that "we" told Dr. Singh about the blister on plaintiff's foot. (Id.) Dr. Singh said she would refer plaintiff to wound care. (Id.) By the end of August, plaintiff had not been to wound care. (Id.) By the end of September, plaintiff's foot had a large wound. (Id.) Plaintiff alleges that Dr. Singh had not notified wound care. (Id.) Plaintiff alleges that as a result of Dr. Singh's inaction, plaintiff lost two toes and part of plaintiff's right foot (Id.) These allegations state a potentially colorable Eighth Amendment claim against Dr. Singh. However, because plaintiff's amended complaint does not include a demand for relief, this Court cannot order service of Dr.

Singh as to this claim.

### D. Claim Four

In claim four, plaintiff alleges that on April 8, 2024, defendant Nurse Ekinim gave plaintiff the wrong dose of insulin. (Id. at 6-7.) As a result, plaintiff suffered a medical emergency. (Id.) These allegations state a potentially colorable Eighth Amendment claim against Nurse Ekinim. However, because plaintiff's amended complaint does not include a demand for relief, this Court cannot order service of Nurse Ekinim as to this claim.

## V. CONCLUSION

For the reasons discussed above, plaintiff's amended complaint is dismissed with thirty days to file a second amended complaint. Plaintiff shall file the second amended complaint on the complaint form provided by the Clerk of the Court with this order.

Plaintiff is reminded that the Court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (internal citation omitted)). Once plaintiff files a second amended complaint, the prior complaints no longer serve any function in the case. Therefore, in a second amended complaint, as in the original and first amended complaints, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed;

2. Within thirty days of the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the Court:

    a. The completed Notice of Amendment; and

    b. An original of the Second Amended Complaint.

Plaintiff's Second Amended Complaint shall comply with the requirements of the Civil Rights

Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The Second Amended Complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to file a Second Amended Complaint in accordance with this order may result in the dismissal of this action;

    3. The Clerk of the Court is directed to send plaintiff a Section 1983 complaint form for a prisoner.

Dated: December 26, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Harp2644.ame/2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARCY HARPER,<br><br>            Plaintiff,<br><br>   v.<br><br>ALEX FARHAT, et al.,<br><br>           Defendants. | No. 2:24-cv-02644 CSK P<br><br>NOTICE OF AMENDMENT |

    Plaintiff submits the following document in compliance with the Court's order filed on _____ (date).

☐  Second Amended Complaint

(Check this box if submitting a Second Amended Complaint)

DATED:

_____
Plaintiff