UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARCY HARPER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALEX FARHAT, et al.,<br><br>　　　　　Defendants. | No. 2:24-cv-2644 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

**I. INTRODUCTION**

　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's second amended complaint. (ECF No. 14.) For the following reasons, this Court recommends dismissal of plaintiff's claim alleging that defendant Ekinim violated the Eighth Amendment when she gave plaintiff the wrong dose of insulin. This Court separately orders service of the remaining claims raised in the second amended complaint: 1) claim one alleging that defendant Farhat failed to treat plaintiff for side effects caused by the Covid-19 vaccine; 2) claim three alleging that defendant Singh failed to refer plaintiff to wound care for treatment of plaintiff's right foot; and 3) claim four alleging that defendant Ekinim failed to provide plaintiff with medical care after giving plaintiff the wrong dose of insulin.

///

1

## II. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

### III. LEGAL STANDARD FOR EIGHTH AMENDMENT INADEQUATE MEDICAL CARE CLAIM

Plaintiff's second amended complaint raises claims alleging inadequate medical care. "Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment." Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prevail on such a claim, a prisoner-plaintiff must show he or she had a "serious medical need" and that the defendants' "response to the need was deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A prison official is deliberately indifferent if the "official knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). An official is liable if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. So, for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. Simmons v. G. Arnett, 47 F.4th 927, 933 (9th Cir. 2022). A claim of medical malpractice or negligence does not give rise to a Section 1983 claim. See Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Neither does a "difference of opinion between a prisoner-patient and prison medical authorities regarding treatment." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

### IV. DISCUSSION

The second amended complaint identifies four claims.

**A. Claim One**

Plaintiff alleges that defendant Dr. Farhat violated plaintiff's Eighth Amendment right to adequate medical care by failing to treat plaintiff for side effects caused by the Covid-19 vaccine. (ECF No. 14 at 3.) Plaintiff alleges that after plaintiff took the first Covid-19 vaccine, plaintiff

3

began having problems. (Id.) Plaintiff reported his reactions to the vaccine to defendant Farhat. (Id.) Defendant Farhat laughed at plaintiff and said that plaintiff was hallucinating. (Id.) After plaintiff got the second Covid-19 vaccine, plaintiff got worse. (Id.) Defendant Farhat ignored plaintiff and transferred plaintiff to another unit, stating that plaintiff was having mental health issues. (Id.) Plaintiff alleges that the staff in the new unit refused to listen to plaintiff based on what defendant Farhat told them until plaintiff was swollen and unable to walk. (Id.) Plaintiff alleges that if defendant Farhat had taken plaintiff's complaints seriously, plaintiff would not be in this condition. (Id.) Plaintiff alleges that by the time plaintiff got medical help, plaintiff was almost dead. (Id.) Plaintiff's right hand is now paralyzed, plaintiff has a hematoma in his back, the heels on plaintiff's feet are injured and plaintiff cannot walk. (Id.) This Court finds that plaintiff states a potentially colorable Eighth Amendment claim against defendant Farhat based on defendant Farhat's alleged disregard of plaintiff's complaints regarding side effects from the Covid-19 vaccine.

This Court observes that in claim one, plaintiff also alleges that after plaintiff refused to take the Covid-19 vaccine, defendant Farhat told plaintiff that if plaintiff did not take the vaccine, plaintiff would not be allowed to "program." (Id.) Plaintiff does not appear to raise a claim against defendant Farhat based on defendant Farhat's alleged statement that plaintiff could not "program" if plaintiff did not take the vaccine. However, were plaintiff to raise such a claim, this Court would find this claim not cognizable for the following reasons. The Supreme Court has recognized that individuals have a liberty interest in rejecting forced medical care in certain circumstances. See, e.g., Washington v. Harper, 494 U.S. 210, 221-22 (1990) (prisoner has "significant" liberty interest in avoiding forced administration of antipsychotic drugs). Plaintiff, however, was not forced to take the Covid-19 vaccine against his will. Plaintiff alleges that he chose to take the Covid-19 vaccine.

In addition, in claiming that he would not have been able to "program" had he rejected the Covid-19 vaccine, plaintiff appears to refer to education, employment and/or rehabilitation programs. There is no constitutional right to education, employment or rehabilitation in prison. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981) (deprivation of rehabilitation and educational

1 programs does not violate Eighth Amendment); Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir.
2 1992) ("Prisoners have no constitutional right to educational or vocational opportunities during
3 incarceration[.]"); Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir.1985) (no right to vocational
4 course for rehabilitation); Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 846 (9th Cir.
5 1985) (general limitation of jobs and educational opportunities is not considered punishment).
6 Accordingly, were plaintiff to raise a claim alleging that defendant Farhat threatened to deny
7 plaintiff access to education, employment or rehabilitation programs if plaintiff did not take the
8 Covid-19 vaccine, such a claim would be without merit.

### B. Claim Two

In the second amended complaint, plaintiff states that he is withdrawing previously pled claim two against defendants Hernandez and the two registered nurses at San Joaquin Hospital. (ECF No. 14 at 5.)

### C. Claim Three

Plaintiff alleges that defendant Dr. Singh violated plaintiff's Eighth Amendment right to adequate medical care by failing to refer plaintiff to wound care for the blister on plaintiff's right foot. (Id. 14 at 6.) Plaintiff alleges that in August, plaintiff had a tiny blister on his right foot. (Id.) Plaintiff brought the blister to the attention of Nurse Virtuborzo. (Id.) Plaintiff alleges that "we" told defendant Singh about the blister on plaintiff's foot, apparently referring to plaintiff and Nurse Virtuborzo. (Id.) Plaintiff alleges that "she" said "she" would refer plaintiff to wound care. (Id.) By referring to "she," plaintiff appears to refer to defendant Singh. By the end of August, plaintiff was wondering why he had not yet been seen in wound care. (Id.) At the end of September, someone checked and informed plaintiff that defendant Singh had not notified wound care. (Id.) As a result of defendant Singh's failure to refer plaintiff to wound care, plaintiff lost three toes and part of his right foot. (Id.) Plaintiff alleges that he is fighting to keep his right foot. (Id.) This Court finds that plaintiff states a potentially colorable Eighth Amendment claim against defendant Singh based on defendant Singh's alleged failure to refer plaintiff to wound care for treatment of his right foot.

///

### D. Claim Four

Plaintiff alleges that on April 8, 2024, defendant Ekinim was in charge of checking plaintiff's blood sugar and dispensing medication. (Id. at 7.) At approximately 7:08 a.m., defendant Ekinim checked plaintiff's blood sugar. (Id.) Plaintiff's blood sugar was between 150 and 200, which required two units of long-acting insulin. (Id.) Defendant Ekinim left plaintiff's room to get two units of insulin from her medication cart. (Id.) When defendant Ekinim returned, plaintiff pinched the fat in his stomach and watched the injection site when defendant Ekinim stuck the needle in. (Id.) While plaintiff watched the injection site, plaintiff noticed that the plunger contained 25 units of insulin. (Id.) Plaintiff tried to stop it, but it was too late. (Id.) Defendant Ekinim refused to acknowledge that she had given plaintiff too much insulin. (Id.) Plaintiff could not argue with defendant Ekinim because plaintiff did not want to get a disciplinary. (Id.) At approximately 8:00 a.m., plaintiff was in the shower and felt dizzy. (Id.) Plaintiff was taken to the nurses' station and his blood sugar was checked. (Id.) Plaintiff's blood sugar was around 50. (Id.) Plaintiff later lost consciousness. (Id.) When plaintiff woke up, defendant Singh and four nurses were giving plaintiff lifesaving intervention. (Id.) Plaintiff's head, right elbow, wrist and back were hurting. (Id.) Plaintiff fell out of his wheelchair. (Id.) An ambulance came and took plaintiff to San Joaquin Hospital where plaintiff was treated for pain. (Id.)

Plaintiff appears to claim that defendant Ekinim acted with deliberate indifference when she gave plaintiff the wrong dose of insulin. However, plaintiff pleads no facts demonstrating that defendant Ekinim knew that she gave plaintiff the wrong dose of insulin at the time defendant Ekinim gave plaintiff the injection. Plaintiff's allegations suggest that defendant Ekinim mistakenly gave plaintiff the wrong dose of insulin. As stated above, a claim of medical malpractice or negligence does not give rise to a Section 1983 claim. See Toguchi, 391 F.3d at 1060. In the order filed October 9, 2024 screening the original complaint, this Court dismissed this claim because plaintiff failed to plead sufficient facts demonstrating that defendant Ekinim acted with deliberate indifference. (ECF No. 6 at 5.) This Court found that, "[f]or example, plaintiff pleads no facts suggesting that defendant Ekinim knowingly gave plaintiff an excessive

1 | dose of insulin." (Id.)  In the second amended complaint, plaintiff failed to cure the pleading

2 | defects as to this claim discussed in the order screening the original complaint.  Because it does

3 | not appear that plaintiff can cure the pleading defects as to this claim, this court recommends

4 | dismissal of this claim.  See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting

5 | Akhtar v. Mehta, 698 F.3d 1202, 1212-13 (9th Cir. 2012) (dismissal of a pro se complaint without

6 | leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect.").

7 |      In claim four, plaintiff also alleges that defendant Ekinim refused to admit that she gave

8 | plaintiff the wrong dose of insulin after plaintiff told defendant Ekinim that she gave plaintiff the

9 | wrong dose.  The allegations in claim four suggest that defendant Ekinim failed to offer any

10 | medical care to plaintiff after being told by plaintiff that defendant Ekinim gave plaintiff the

11 | wrong dose of insulin.  These allegations state a potentially colorable Eighth Amendment claim.

12 | Accordingly, this Court separately orders service of this claim.

13 | **V.  CONCLUSION**

14 |      Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district

15 | judge to this action; and

16 |      IT IS HEREBY RECOMMENDED that plaintiff's claim, raised in the second amended

17 | complaint, alleging that defendant Ekinim acted with deliberate indifference when she gave

18 | plaintiff the wrong dose of insulin be dismissed without leave to amend.

19 |      These findings and recommendations are submitted to the United States District Judge

20 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

21 | after being served with these findings and recommendations, plaintiff may file written objections

22 | with the court and serve a copy on all parties.  Such a document should be captioned

23 | "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

24 | failure to file objections within the specified time may waive the right to appeal the District

25 | Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

26 | Dated:  January 17, 2025

27 | Harp2644.56/2

28 | CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE