1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  DARCY HARPER,                          No.  2:24-cv-2644 TLN CSK P

12              Plaintiff,

13      v.                                 FINDINGS AND RECOMMENDATIONS

14  ALEX FARHAT, et al.,

15              Defendants.

16

17  **I.  INTRODUCTION**

18          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

19  to 42 U.S.C. § 1983.  Pending before the Court is defendants' motion to dismiss or sever claims

20  two and three as misjoined with claim one.  (ECF No. 28.)  Defendants' motion is fully briefed.

21  (ECF Nos. 28, 30, 31.)  For the following reasons, this Court recommends that defendants'

22  motion to sever misjoined claims two and three be granted.

23  **II.  BACKGROUND**

24          Plaintiff filed the original complaint on September 30, 2024.  (ECF No. 1.)  On October 9,

25  2024, this Court dismissed the original complaint with leave to amend.  (ECF No. 6.)  On

26  December 18, 2024, plaintiff filed a first amended complaint.  (ECF No. 12.)  On December 27,

27  2024, this Court dismissed the first amended complaint with leave to amend.  (ECF No. 13.)  On

28  January 15, 2025, plaintiff filed a second amended complaint.  (ECF No. 14.)

                                            1

On January 21, 2025, this Court ordered service of the second amended complaint as to the following claims against defendants Dr. Singh, Dr. Farhat and Licensed Vocational Nurse ("LVN") Ekinim, all employed at the California Health Care Facility ("CHCF"). (ECF Nos. 14 at 2, 16.)  Plaintiff claims that on or around January 2021, plaintiff took the Covid-19 vaccine. (ECF No. 14 at 3.)  Plaintiff claims that defendant Farhat violated plaintiff's Eighth Amendment right to adequate medical care by failing to treat plaintiff for side effects caused by the Covid-19 vaccine (claim one).  (Id.)  Plaintiff alleges that in August, defendant Singh violated plaintiff's Eighth Amendment right to adequate medical care by failing to refer plaintiff to wound care for the blister on plaintiff's right foot (claim two).[1]  (Id. at 6.)  As a result of defendant Singh's alleged failure to refer plaintiff to wound care, plaintiff lost three toes and part of his right foot. (Id.)  Plaintiff does not identify the year of the alleged deprivations committed by defendant Singh.  Plaintiff alleges that on April 8, 2024, defendant Ekinim violated plaintiff's Eighth Amendment right to adequate medical care by failing to offer plaintiff medical care after giving plaintiff the wrong dose of insulin (claim three).[2]  (Id. at 7.)  On January 21, 2025, this Court also issued findings and recommendations recommending dismissal of the claim raised in the second amended complaint alleging that defendant Ekinim violated plaintiff's Eighth Amendment right to adequate medical care when she gave plaintiff the wrong dose of insulin on April 8, 2025. (ECF No. 15.)  On February 20, 2025, Chief District Judge Troy L. Nunley adopted these findings and recommendations.  (ECF No. 20.)

On February 28, 2025, defendants waived service.  (ECF No. 22.)  On March 4, 2025, this Court stayed this action for 120 days and referred the parties to the Post-Screening ADR Project. (ECF No. 24.)  On April 17, 2025, defendants moved to opt out of the Post-Screening ADR Project.  (ECF No. 25.)  On April 21, 2025, this Court granted defendants' motion to opt out of the Post-Screening ADR Project, lifted the stay and granted defendants thirty days to file a response to plaintiff's second amended complaint.  (ECF No. 27.)

---

[1]  In the second amended complaint, plaintiff's claim against defendant Singh is identified as claim three.  (ECF No. 14 at 6.)

[2]  In the second amended complaint, plaintiff's claim against defendant Ekinim is identified as claim four.  (ECF No. 14 at 7.)

On May 2, 2025, defendants filed the pending motion to dismiss or sever.  (ECF No. 28.)  On May 19, 2025, plaintiff filed his opposition.  (ECF No. 30.)  On June 2, 2025, defendants filed a reply.  (ECF No. 31.)

## III.  DISCUSSION

### A.  Are Plaintiff's Claims Misjoined?

#### 1.  Legal Standard

Different defendants may be joined in a single action under Rule 20(a)(2) of the Federal Rules of Civil Procedure if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and … any questions of law or fact common to all defendants will arise in the action."  Permissive joinder under Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits."  League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1997).  The purpose of Rule 20 is to address the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged."  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).  Rule 20 sets forth two specific requirements for permissive joinder: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action."  Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (citing League to Save Lake Tahoe, 558 F.2d at 917).

As to the first requirement, courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder.  See Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).  The "same transaction" requirement of Rule 20 refers to "similarity in the factual background of a claim" and claims that arise out of a "systematic pattern of events."  Id.

As to the second requirement, commonality under Rule 20 is not a particularly stringent test.  See Johnson v. Shaffer, 2013 WL 140115, at *2 (E.D. Cal. Jan. 10, 2013) (citing Bridgeport

3

1  Music, Inc. v. 11 C Music, 202 F.R.D. 229, 231 (M.D. Tenn. 2001)).  Rule 20 requires only a

2  single common question, not multiple common questions.  See Fed. R. Civ. P. 20(a)(2)(B) ("any

3  question of law or fact common to all defendants…").  "The common question may be one of fact

4  or of law and need not be the most important or predominant issue in the litigation."  Johnson,

5  2013 WL 140115, at *2 (citing Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir.

6  1974)).  Additionally, "the mere fact that all [of a plaintiff's] claims arise under the same general

7  law does not necessarily establish a common question of law or fact."  Coughlin, 130 F.3d at

8  1351.

9         Even if a court finds that the requirements for joinder under Rule 20 have been met, "a

10  district court must examine whether permissive joinder would 'comport with principles of

11  fundamental fairness' or would result in prejudice to either side."  Coleman v. Quaker Oats

12  Company, 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting Desert Empire Bank, 623 F.2d at 1375).

13                    2. Analysis

14         Defendants argue that each of plaintiff's claims is brought against a different defendant

15  and occurred months, if not years, apart.  Citing Federal Rule of Civil Procedure 20(a)(2),

16  defendants argue that plaintiff pleads no facts showing that these claims are part of the same

17  "transaction, occurrence, or series of transactions or occurrences."

18         This Court finds that plaintiff's claims do not meet the "same transaction" requirement for

19  joinder under Rule 20 because they do not have similar factual backgrounds and do not arise out

20  of a systemic pattern of events.  While plaintiff alleges in all three claims that defendants violated

21  his Eighth Amendment right to adequate medical care at the same prison, plaintiff's claims are

22  made against three different defendants regarding three different medical conditions which

23  defendants allegedly failed to treat at three different times.  In claim one, plaintiff alleges that in

24  2021 defendant Farhat failed to treat plaintiff for side effects of the Covid-19 vaccine.  In claim

25  two, plaintiff alleges that in August of some unidentified year defendant Singh failed to treat a

26  blister on plaintiff's foot.  In claim three, plaintiff alleges that in April 2024 defendant Ekinim

27  failed to offer plaintiff medical care after giving plaintiff the wrong dose of insulin.  These claims

28  do not have similar factual backgrounds.  In addition, plaintiff pleads no facts suggesting that

4

1    these claims arise out of a systemic pattern of events.

2         Turning to Rule 20's second prong, plaintiff's claims allege common questions of law

3    because they all allege violation of plaintiff's Eighth Amendment right to adequate medical care.

4    Therefore, plaintiff meets the commonality requirement of Rule 20.  See Coughlin, 130 F.3d at

5    1350 (Rule 20's second prong requires plaintiff to allege "common questions of law or fact.").

6    However, because plaintiff fails to meet the requirement for joinder under Rule 20's first prong,

7    this Court finds that plaintiff's claims are not properly joined.

8         This Court observes that in his opposition, plaintiff argues that his claims are properly

9    joined because the actions of defendant Farhat caused plaintiff to be on "D" yard under the care

10   of defendant Singh, and defendant Singh is the boss of defendant Ekinim.  (ECF No. 30 at 1.)

11   Plaintiff argues that his claims are intertwined either by employment or care.  (Id.)  Plaintiff

12   argues that defendant Ekinim could not medicate plaintiff without the permission of defendant

13   Singh.  (Id.)  Even assuming the actions of defendant Farhat caused plaintiff to be transferred to

14   "D" yard where plaintiff was under the care of defendants Singh and Ekinim, this Court finds that

15   these allegations fail to demonstrate a similarity in factual background between claims one, two

16   and three, or that these claims arose out of a systematic pattern of events.  Plaintiff's claim in the

17   opposition that defendant Ekinim could not medicate plaintiff without the permission of

18   defendant Singh appears related to the previously dismissed claim alleging that defendant Ekinim

19   acted with deliberate indifference when she gave plaintiff the wrong dose of insulin.  Even if this

20   claim is related to plaintiff's claim alleging that defendant Ekinim failed to offer plaintiff medical

21   care after giving plaintiff the wrong dose of insulin, plaintiff's second amended complaint

22   contains no allegations linking defendant Singh to this claim.

23        Accordingly, for the reasons discussed above, this Court find that claims one, two and

24   three are misjoined pursuant to Federal Rule of Procedure 20.

25        **B.  Remedy for Misjoinder**

26        Having found that plaintiff's claims are misjoined under Rule 20, this Court next

27   considers the proper remedy.

28   ///

5

1          1. <u>Legal Standard</u>

2          The remedy for misjoined claims is dismissal or severance.  In other words, where there is

3   misjoinder, the Court may either 1) dismiss without prejudice the misjoined claims and parties; or

4   2) sever the misjoined claims and parties, so that they may proceed as a new and separate action.

5   <u>See</u> <u>DirecTV, Inc. v. Leto</u>, 467 F.3d 842, 845 (3d Cir. 2006); <u>see also</u> <u>Lee v. Cook County, Ill.</u>,

6   635 F.3d 969, 971 (7th Cir. 2011) ("When a federal civil action is severed [under Rule 21], it is

7   not dismissed.  Instead, the clerk of court creates multiple docket numbers for the action already

8   on file, and the severed claims proceed as if suits had been filed separately.").

9          In deciding which of these two remedial options should be applied, district courts

10  "conduct a prejudice analysis," which must take into account the "loss of otherwise timely claims

11  if new suits are blocked by statutes of limitations."  <u>Rush v. Sport Chalet, Inc.</u>, 779 F.3d 973, 975

12  (9th Cir. 2015) (quoting <u>DirecTV, Inc.</u>, 467 F.3d at 846-47).  Other relevant factors include

13  1) "where the parties are in the discovery process" and 2) "the past and future expenditures of

14  both the court and the parties."  <u>Owens v. Banuelos</u>, 2022 WL 2392950, at *5 (E.D. Cal. July 1,

15  2022), findings and recommendations adopted, 2022 WL 5247608 (E.D. Cal. Oct. 6, 2022)

16  (citing <u>Robinson v. Geithner</u>, 2011 WL 66158 at *10 (E.D. Cal. Jan. 10, 2011)).

17          2. <u>Analysis</u>

18          Because the parties have not yet conducted discovery and this action is at an early stage,

19  this Court finds that the factors of where the parties are in the discovery process and past and

20  future expenditure by the court and the parties favor dismissal of the misjoined claims.

21          This Court next considers application of the statute of limitations to plaintiff's claims.

22  Defendants argue that dismissal of claims two and three is especially appropriate given the lack of

23  prejudice to plaintiff.  Defendants argue that plaintiff's first claim is based on events from 2021,

24  so the Court should proceed on that claim in the instant action in light of the statute of limitations.

25  Defendants argue that plaintiff's second and third claims appear based on events from 2024, so

26  the statute of limitations would not prevent plaintiff from refiling these actions.

27          Because 42 U.S.C. § 1983 does not have its own statute of limitations, this Court applies

28  California's statute of limitations for personal injury actions and California's laws regarding

1    equitable tolling, except to the extent any of these laws is inconsistent with federal law.  See

2    Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  California's statute of limitations for personal

3    injury actions is two years.  See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d

4    945, 954-55 (9th Cir. 2004).  Such limitation period is statutorily tolled for a period of two years

5    for a person who is "imprisoned on a criminal charge, or in execution under the sentence of a

6    criminal court for a term less than for life."  Cal. Civ. Proc. Code § 352.1.  Thus, a prisoner

7    serving a term less than life in California may have four years to file a federal claim pursuant to

8    section 1983.  See Cato v. Darst, 2019 WL 2249636, at *2 (E.D. Cal. May 23, 2019), findings and

9    recommendations adopted 2019 WL 13366552 (E.D. Cal. Aug. 2, 2019).

10          At the outset, this Court observes that defendants' argument that claim one is not barred

11    by the statute of limitations is not definitively supported by the record.  In claim one, plaintiff

12    alleges that defendant Farhat failed to treat plaintiff for side effects caused by the Covid-19

13    vaccine on or around January 2021.  If plaintiff is serving a term of less than life, claim one does

14    not appear time barred because plaintiff had four years from January 2021 to file his complaint

15    raising this claim.  However, if plaintiff is serving a term of life, then claim one is likely time

16    barred because plaintiff filed this action more than two years after the statute of limitations ran.

17    Because the record does not contain the length of plaintiff's sentence, this Court cannot

18    definitively find that claim one is not barred by the statute of limitations.

19          Turning to claim two, plaintiff alleges that defendant Singh failed to treat the blister on his

20    foot in August but does not identify the year.  In the opposition, defendants argue that claim two

21    would not be time barred if dismissed and refiled because plaintiff is likely claiming that

22    defendant Singh failed to treat plaintiff's blister in August 2024.  Defendants' interpretation of

23    what year the deprivation alleged in claim two occurred is not unreasonable.  However, if

24    defendants are incorrect in their interpretation of the year the deprivation alleged in claim two

25    occurred and claim two is dismissed, claim two may be time barred if later refiled.  Regarding

26    claim three, plaintiff clearly alleges that defendant Ekinim failed to offer treatment to plaintiff in

27    April 2024.  If claim three is dismissed, claim three will not be time barred because plaintiff has

28    time to file a timely complaint raising this claim whether the statute of limitations runs for two

1    years or four years from the date this claim accrued.

2         For the reasons discussed above, this Court rejects defendants' suggestion that plaintiff

3    will not be prejudiced by the statute of limitations if this action proceeds on claim one and

4    misjoined claims two and three are dismissed. The record is not definitively clear as to whether

5    claim one is barred by the statute of limitations and whether claim two would be barred by the

6    statute of limitations if dismissed and later refiled. Based on this record, this Court finds that the

7    better remedy for the misjoinder of plaintiff's claims is severance. See Coleman, 232 F.3d at

8    1297 (courts have broad discretion regarding severance); Rush, 779 F.3d at 975 (courts should

9    avoid dismissal of otherwise potentially meritorious claims outside of the limitations period). For

10   these reasons, this Court recommends that defendants' motion to sever plaintiff's misjoined

11   claims be granted. The filing fee for the new civil cases is waived in accordance with Rule 21 of

12   the Federal Rules of Civil Procedure. See Cortinas v. Colvin, 2024 WL 115766, at *1 (E.D. Cal.

13   Jan. 10, 2024).

14        Accordingly, IT IS HEREBY RECOMMENDED that:

15        1. Defendants' motion to sever plaintiff's misjoined claims (ECF No. 28) be granted;

16        2. Claim two against defendant Singh and claim three against defendant Ekinim be

17   severed from this action, and defendants Singh and Ekinim be terminated from this action;

18        3. The Clerk of the Court be directed to:

19        (a) assign new case numbers to plaintiff's Eighth Amendment claims against

20   defendants Singh and Ekinim;

21        (b) assign the same magistrate judge to the new actions in the interest of judicial

22   economy, and make appropriate adjustment in the assignment of civil cases to compensate for this

23   direct assignment;

24        (c) include the second amended complaint filed in the instant action (ECF No. 14)

25   in the newly opened civil cases;

26        (d) note in the docket for the new civil cases that the filing fee for the new civil

27   cases is waived in accordance with Rule 21 of the Federal Rules of Civil Procedure;

28        (e) update the docket in Case No. 2:24-cv-2644 to reflect that defendants Singh

1  and Ekinim have been terminated as a named defendant in this action;

2      4.  Defendant Farhat be ordered to file a response to the second amended complaint in

3  Case No. 2:24-cv-2644 within thirty days of the adoption of these findings and recommendations.

4      These findings and recommendations are submitted to the United States District Judge

5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6  after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties.  Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

9  objections shall be filed and served within fourteen days after service of the objections.  The

10  parties are advised that failure to file objections within the specified time may waive the right to

11  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13  Dated:  June 17, 2025

15  CHI SOO KIM
   UNITED STATES MAGISTRATE JUDGE

18  Harp2644.57/2

9