UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARCY HARPER,<br>Plaintiff,<br>v.<br>ALEX FARHAT, et al.,<br>Defendants. | No. 2:24-cv-2644 TLN CSK<br><br>ORDER |

Plaintiff is a former state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is defendant Farhat's motion to compel. (ECF No. 46.) For the following reasons, defendant's motion to compel is granted.

## I. BACKGROUND

On May 13, 2026, defendant filed the pending motion to compel responses to a request for production of documents. (ECF No. 46.) Defendant states that he mailed the request for production of documents to plaintiff on February 5, 2026 but received no response. (Id. at 3-4.) Plaintiff did not file an opposition to the motion to compel. (See Docket.) On June 9, 2026, this Court granted plaintiff fourteen days to file an opposition to the motion to compel. (ECF No. 47.) On June 24, 2026, plaintiff file an opposition to the motion to compel, claiming that plaintiff mailed documents plaintiff felt were "pertinent in this matter." (ECF No. 48 at 1.) Plaintiff states that defendant seeks more than plaintiff has, and defendant has more access to some of the

documents than plaintiff. (Id.) Plaintiff also asks that defendant "produce discovery and all documents pertaining to this matter in hard copy." (Id.) In reply, defendant states that on May 15, 2026, defense counsel received a package from plaintiff containing various, unorganized documents which appears to relate to this case. (ECF No. 49 at 2.) The package did not contain any response from plaintiff pertaining to defendant's request for production of documents. (Id.) Defendant argues that plaintiff's package of documents fails to comply with Federal Rule of Civil Procedure 34, which requires an individualized, complete response for each item or category within a document request, indicating whether responsive documents will be produced. (Id. at 3 (citing Fed. R. Civ. P. 34(b)(2)(B)).)

## II. DISCUSSION

As argued by defendant, plaintiff's discovery responses, mailed as a packet of unorganized documents without an accompanying response identifying which request the documents responded to, are insufficient. Plaintiff's documents did not contain a response to each request for production of documents. Thus, plaintiff's mailing, received by defendant on May 15, 2026, is unresponsive. Plaintiff's pro se status does not excuse him from responding to discovery requests. See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000) (pro se litigants are expected to know and comply with the rules of civil procedure). In addition, [r]esponses to discovery requests shall be due forty-five days after the request is served." (ECF No. 36 at 5.) The request for production of documents was served on plaintiff on February 5, 2026. Plaintiff's response, received by defendants on May 15, 2026, is untimely.

Courts have frequently applied a good cause standard to determine whether to excuse any waiver of objections to requests for production of documents under Rule 34. See Homesite Ins. Co. of the Midwest v. Howell, 2022 WL 17403215, at *2 (W.D. Wash. Dec. 2, 2022) (same good cause exception applies to both responses to interrogatories under Rule 33 and responses to requests for production under Rule 34). Plaintiff has failed to show good cause for his failure to

timely respond to the request for production of documents.[1] Therefore, the Court finds that plaintiff has waived any objections to the request for production of documents and grants defendant's motion to compel responses. Plaintiff shall respond to the request for production of documents within 21 days from the date of this order. In the event plaintiff does not comply, defendant may move for sanctions, including terminating sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 46) is granted.

2. Plaintiff shall serve defendant with a response to the request for production of documents within 21 days from the date of this order. Plaintiff is cautioned that failure to timely respond may result in an order imposing sanctions, including, but not limited to, a recommendation that this action be dismissed.

Dated: July 27, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Harp2644.com/2

[1] In his opposition, plaintiff also asks that the "defense produce discovery and all documents pertaining to this matter in hard copy." (ECF No. 48 at 1.) Plaintiff is advised that his request is improper; discovery requests are propounded to the parties, not to the court. In addition, the deadline for propounding discovery in this action has passed. (ECF No. 45.)